UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DMUCHOWSKY,<br><br>  Plaintiff,<br><br>  v.<br><br>SKY CHEFS, INC.,<br><br>  Defendant. | Case No. 18-cv-01559-HSG<br><br>**ORDER DENYING MOTION TO SEAL OR ALTERNATIVELY, REDACT THE HEARING TRANSCRIPT**<br><br>Re: Dkt. No. 61 |

Pending before the Court is Defendant Sky Chefs, Inc. ("Sky Chefs") Motion to Seal or Alternatively, Redact the Hearing Transcript of the December 13, 2018 hearing on the cross-motions filed under Rule 52. Dkt. No. 61 ("Mot."). Sky Chefs contends that portions of the transcript "relate to claims under other benefit plans that could harm innocent third parties and relate to confidential settlement discussions between the parties, both of which should not be disclosed publicly." *Id.* at 2. The Court **DENIES** Defendant's motion.

## I.   LEGAL STANDARD

For motions to seal, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the

judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

## II. DISCUSSION

Sky Chefs presents nothing in the pending motion to overcome the strong presumption in favor of public access to court records. The portions of the transcript Sky Chefs seeks to redact fall in one of two categories: (1) discussions about the merits of the then-pending motions, or (2) discussions about settlement options. *See* Mot. at 1–2 (citing relevant transcript excerpts).

As to discussions related to the motions' merits, Sky Chefs identifies nothing in the transcript not otherwise mentioned in the underlying briefs. Those briefs are not under seal, meaning everything discussed at the hearing regarding the motions is "publicly available in a prior filing" and thus there is no compelling reason to redact the portions of the transcript on the subject. *See Synchronoss Techs, Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *2 (Nov. 15, 2018). There is even less reason for Sky Chefs to seek redaction of statements by the Court at the hearing, as though the Court's observations about the merits of motions before it somehow "harm innocent parties." *See* Mot. at 2; *see also* Dkt. No. 59 at 3:2–7 ("What was said before was, 'We don't think you're entitled to the documents because you're a former employee.' That's just wrong as a matter of law. There is nothing in the record that establishes anybody doing any legal research or otherwise having a good-faith basis for that wrong stonewalling.").

Regarding the discussions about settlement options, nothing said revealed anything confidential: the Court asked the parties if they would like time to discuss settlement options

given the Court's stated inclinations; the parties said they would like time to speak with their clients; and the Court said it would hold the motion in abeyance. *See, e.g.*, Dkt. No. 59 at 13:7–8 ("Now that you understand that I'm going to impose penalties, can the parties work out a number?"). Nothing about those statements constituted "confidential settlement discussions between the parties" as Sky Chefs now claims. *See* Mot. at 2.

## III. CONCLUSION

The Court **DENIES** Sky Chefs's motion. For any future motions to seal or redact court records, the Court expects the parties will use their best objective judgment to file motions that are narrowly tailored and that satisfy the high threshold set by controlling Ninth Circuit precedent.

**IT IS SO ORDERED.**

Dated: 2/8/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge