UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DMUCHOWSKY,<br><br>Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.,<br><br>Defendant. | Case No. 18-cv-01559-HSG (DMR)<br><br>**AMENDMENT TO REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 77 |

The court issues this amendment to its prior Report and Recommendation (Docket No. 77, "R&R") on Plaintiff Eric Dmuchowsky's motion for attorneys' fees (Docket No. 63, "Mot.").

**I.    BACKGROUND**

On March 12, 2018, Dmuchowsky brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Defendant Sky Chefs, Inc., alleging that Sky Chefs failed to timely provide employee benefit plan documents in violation of ERISA. [Docket No. 1 (Compl.).] Dmuchowsky sought declaratory and monetary relief, including statutory penalties, interest, and attorneys' fees and costs. *Id.* at 4. Sky Chefs produced the documents at issue between April 17, 2018 and July 13, 2018. [Docket No. 34-1 (A.R.) 12-234.] On January 15, 2019, the parties reached a settlement agreement as to Dmuchowsky's penalty claim, but reserved the matter of attorneys' fees and costs for adjudication. [Docket No. 58.] On February 13, 2019, Dmuchowsky filed a motion for attorneys' fees and costs. The Honorable Haywood S. Gilliam referred the motion to the undersigned for a Report and Recommendation. [Docket No. 66.]

On May 1, 2019, the undersigned issued a Report and Recommendation that recommended granting Dmuchowsky's motion in part and awarding $105,795 in fees and $1,619.22 in costs for a total award of $107,414.22. R&R at 1. This included fees for 20.5 hours of work performed by

attorney Monica Lienke at a rate of $400 per hour for a total of $8,200. *Id.* at 22. On May 10, 2019, Dmuchowsky filed a notice of errata, stating that the court erroneously had inferred that Lienke "joined Kantor & Kantor approximately three years ago," when in fact she joined Kantor & Kantor in August 2018. Docket No. 78 ("Errata"); *see also* R&R at 19. The error originated in the wording of Lienke's declaration. [Docket No. 63-3 ("Lienke Decl.").] Lienke states that she passed the California Bar Exam in 2014 and then worked for a different firm for two years. Lienke Decl. at ¶ 5. The next paragraph begins, "[s]ince joining Kantor & Kantor…," which the court inferred to mean that Lienke had started working for Kantor & Kantor immediately after leaving her prior firm. However, Lienke's declaration omitted the non-obvious fact that after she left her prior firm in January 2017, she did not join Kantor & Kantor until August 2018. Errata at 2. Neither the declaration nor the Errata explain what Lienke did between January 2017 and August 2018.

On May 15, 2019, Sky Chefs responded to the Errata by filing an objection to the Report and Recommendation, arguing among other things that the fee award of $400 per hour for Lienke's time is inappropriate, given that she is in her third year of practice and has less than one year of ERISA experience. [Docket No. 79 ("Obj.") at 3.] The undersigned now addresses Sky Chefs' arguments regarding Lienke's billing rate in order to present a complete Report and Recommendation for Judge Gilliam's consideration.

## II. ANALYSIS

An attorney's "reasonable hourly rate" is calculated "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 896, n. 11. Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community as well as rate determinations in other cases can provide evidence of the prevailing market rate. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 947 (citing *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). In the absence of opposing evidence, the proposed rates are presumed reasonable.

*Phelps Dodge Corp.*, 896 F.2d at 407.

Lienke is a graduate of Stanford Law School and passed the California Bar Exam in December 2014. Lienke Decl. ¶¶ 4-5. From January 2015 until January 2017, she was an associate attorney at Springmeyer Law, "a boutique San Francisco law firm that provides corporate and transaction legal services to employees and early-stage companies in the technology industry." *Id.* ¶ 5; Errata at 2. She joined Kantor & Kantor in August 2018. Errata at 2. In the Errata, Plaintiff once again passes up the opportunity to exhibit candor and make a clear representation to the court about Lienke's legal experience. Instead, the Errata says that "[t]ogether with her prior time practicing law (January 2015 to January 2017), Ms. Lienke is in her third-year [*sic*] of practice." The court infers that Lienke did not practice law for a year and a half between the time she left Springmeyer and joined Kantor & Kantor, and she therefore has less than three years of experience as a lawyer.

Sky Chefs requests that Lienke's hourly rate be reduced to $250 per hour and cites several ERISA trust contribution cases in support of that rate.[1] Courts have generally awarded lower rates in ERISA trust contribution cases, which are relatively straightforward and frequently result in default judgment, thereby often resembling collection matters rather than contested disputes on the merits. *See, e.g.*, *Cent. California IBEW/NECA Pension Tr. v. Ozzimo Elec., Inc.*, No. 13-cv-03800-JSW (LB), 2015 WL 1883906, at *4 (N.D. Cal. Apr. 22, 2015) (awarding $195 to $235 per hour for attorneys on the case); *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Breneman, Inc.*, No. 17-cv-05172-EDL, 2018 WL 5099250, at *8 (N.D. Cal. Aug. 15, 2018), *report and recommendation adopted*, No. 17-cv-05172-WHA, 2018 WL 6822624 (N.D. Cal. Oct. 9, 2018) (approving $235 per hour for a shareholder attorney and $230 per hour for associates); *Boards of Trustees of Sheet Metal Workers Pension Tr. of N. California v. Guidi*, No. 17-cv-04936-JSW (TSH), 2018 WL 6818658, at *12 (N.D. Cal. Nov. 29, 2018), *report and recommendation*

---

[1] As the relevant district is the Northern District of California, the court does not consider the out-of-district case cited by Sky Chefs. *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 853 (N.D. Cal. 2017) ("[B]oth this Court and other courts in this district have considered the Northern District or the San Francisco Bay Area as the relevant market when analyzing fees motions in ERISA cases."); *see* Obj. at 3-4 (citing *Broderick v. Prudential Ins. Co. of Am.*, No. 04-cv-0719-GAF (MANx), (C.D. Cal. Mar. 31, 2005)).

3

*adopted*, No. 17-cv-04936-JSW, 2018 WL 6822630 (N.D. Cal. Dec. 19, 2018) (finding that rates of $220 to $235 per hour "are well within the range of reasonable fees in an action by an ERISA trust to collect delinquent contributions"). The current matter was a litigated dispute that encompassed full briefing and a hearing on the parties' Rule 52 motions. It is therefore more appropriate to look to cases that reflect rates for associate attorneys in ERISA cases that were decided on the merits.

Sky Chefs also cites older cases in this district with lower fee rates for associate attorneys in ERISA cases. *See Caplan v. CAN Financial Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (awarding $330 per hour for a fourth-year associate and $350 per hour for a sixth-year associate); *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1035 (N.D. Cal. 2011) (awarding $400 per hour for two associates who had each been practicing law for ten years and had significant ERISA experience). These orders were issued in 2008 and 2011, respectively, and are not indicative of 2018 billing rates.

Recent ERISA merits cases evidence higher fee rates for associate attorneys. In *Stewart v. Applied Materials, Inc.*, No. 15-cv-2632-JST, 2017 WL 3670711, at *10 (N.D. Cal. Aug. 25, 2017), the court awarded $400 per hour to two associates with two and three years' experience, respectively.[2] Another 2017 case awarded $450 per hour for a five-year associate. *Norris v. Mazzola*, No. 15-cv-04962-JSC, 2017 WL 6493091, at *12 (N.D. Cal. Dec. 19, 2017). These cases reflect 2017 rates, which arguably would be higher in 2018.

However, experience of counsel in a particular practice area, in addition to their total years of experience, may impact their reasonable fee rate. *Dowdy v. Metro. Life Ins. Co.*, No. 15-cv-03764-JST, 2019 WL 120730, at *5 (N.D. Cal. Jan. 7, 2019) (reducing a requested fee rate for attorneys who were not experts in ERISA because they "were required to research basic ERISA issues that would already have been familiar to a more experienced lawyer"). Given that Lienke took a substantial break from the practice of law and had only four months of ERISA experience when she argued the Rule 52 motion in this case, the court finds that a rate of $375 per hour accounts

---

[2] Since many orders omit the number of years associate attorneys have practiced, some of these rates were ascertained from publicly available sources (such as declarations filed on the public docket and searches on the California State Bar website) in addition to the orders cited here.

4

for 2018 upward rate adjustments as well as Lienke's comparative inexperience in ERISA cases. The court accordingly recommends awarding Lienke a rate of $375 per hour.

Consistent with the undersigned's prior recommendation to award Lienke 20.5 hours of work, the total fees recommended for Lienke amount to $7,687.50. Adding this amount to the recommended fee award for attorney Brent Brehm in the amount of $97,595 and the recommended cost award of $1,619.22, the court recommends awarding a total amount of $106,901.72.

## III. CONCLUSION

For the reasons set forth above, the undersigned amends the prior Report and Recommendation only as to Lienke's reasonable billing rate, and recommends awarding Lienke $375 per hour for 20.5 hours of work, resulting in an award for her time in the amount of $7,687.50 and a total award of $106,901.72.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: June 26, 2019



Judge Donna M. Ryu
United States Magistrate Judge